```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

TIMOTHY D. GIFFORD          ]
    Plaintiff,              ]
                            ]
v.                          ]          No. 3:11-0237
                            ]          Judge Trauger
DARON HALL, et al.          ]
    Defendants.             ]


## M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Davidson County Criminal Justice Center in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against Daron Hall, Sheriff of Davidson County; Dan Weikal, Security Administrator at the Criminal Justice Center; Mark King, the Center's Medical Director; and five members of the medical staff at the Criminal Justice Center; seeking damages.

On November 11, 2010, the plaintiff got into a fight and broke his finger. He was escorted to the infirmary where a nurse cleaned and wrapped the finger. A little more than a week later, medical staff x-rayed the plaintiff's broken digit.

During a follow-up examination, it was discovered that an infection had caused the plaintiff's finger to swell. He was given an antibiotic to reduce the swelling and eliminate the infection. By the end of the year, the plaintiff received no further treatment

for his finger.

In early January, 2011, the plaintiff re-injured his finger. He was eventually seen at the infirmary where the finger was again x-rayed and he was prescribed medication for pain. A physician reviewed the x-rays, prescribed more medication for the plaintiff and set up an appointment at an outside orthopedic clinic.

At the outside orthopedic clinic, the plaintiff was again x-rayed, blood was drawn, and puss was drawn from the plaintiff's finger. He was scheduled for an MRI and for surgery on the finger. A doctor at the clinic told him that the delay in getting him there amounted to "medical negligence".

In order to establish a claim for relief under § 1983, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right or privilege secured by the Constitution or laws of the United States. <u>Parratt v. Taylor</u>, 101 S.Ct. 1908, 1913 (1981).

The Eighth Amendment guarantees a prisoner the right to medical care. This right has been violated when prison officials are deliberately indifferent to a prisoner's serious medical needs. <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976).

In this case, the plaintiff admits that he was examined and x-rayed at the Center's infirmary. The plaintiff was prescribed medication for the infection and pain. Further, he was sent to an outside orthopedic clinic for additional treatment. As a consequence, the defendants have not been deliberately indifferent

to the plaintiff's serious medical needs. This dispute, therefore, arises over the adequacy of the care provided the plaintiff.

When a prisoner has received some medical attention and his claim is a challenge to the adequacy of the care provided, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law. Hill v.Jones, 211 F.3d 1269 (6th Cir.2000). Medical malpractice does not become a constitutional tort merely because the victim is a prisoner. Estelle, *supra* at 429 U.S. 105-106. Therefore, the plaintiff has failed to describe conduct resulting in a violation of federal law. Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir.2001).

Absent a violation of federal law, the plaintiff is unable to prove every element of a § 1983 cause of action. Consequently, he has failed to state a claim upon which relief can be granted. When a prisoner proceeding in forma pauperis has failed to state a claim for relief, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge